UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC CHARLES RODNEY KNAPP,

            Petitioner,

     v.

UNKNOWN,

            Respondent.

No.  2:16-cv-2900 JAM CKD P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    I.     Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford

the costs of suit.  (ECF No. 6.)  Accordingly, the application to proceed in forma pauperis will be

granted.  See 28 U.S.C. § 1915(a).

    II.    Petition

In the instant petition, petitioner challenges his 1992 convictions for sexual assault in

Sacramento County Superior Court Case No. CR118548.  (ECF No. 1 at 3.)  He received "an

aggregate term of 98 years in prison."  (Id.)  The petition asserts numerous grounds for relief,

including that evidence that was newly discovered in 1997, 2001, 2002, and 2004, proves his

1

1  innocence.  (Id. at 65-73, 75-76.)

2      The petition indicates (id. at 62, 67-68, 73, 77), and the court's records confirm, that

3  petitioner has previously filed an application for a writ of habeas corpus attacking the conviction

4  and sentence challenged in this case and that the previous petition included the same claims of

5  actual innocence and newly discovered evidence raised in the instant petition.  The previous

6  application was filed by the Clerk of the Court on March 21, 2008, and the claims were dismissed

7  as either untimely or on the merits on February 26, 2009, and September 26, 2011.  Knapp  v.

8  Warden of Salinas Valley State Prison, No. 2:08-cv-01040 JFM (E.D. Cal.), ECF Nos. 1, 28, 46.

9  This court takes judicial notice of the record in that proceeding.  United States v. Wilson, 631

10  F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other

11  cases.").

12      Under 28 U.S.C. § 2244(b)(3)(A), a second or successive application for habeas relief

13  may not be filed in district court without prior authorization by the court of appeals.  Felker v.

14  Turpin, 518 U.S. 651, 657 (1996).  Prior authorization is a jurisdictional requisite.  Burton v.

15  Stewart, 549 U.S. 147, 152-53 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001)

16  (once district court has recognized a petition as second or successive pursuant to § 2244(b), it

17  lacks jurisdiction to consider the merits).  "A habeas petition is second or successive only if it

18  raises claims that were or could have been adjudicated on the merits."  McNabb v. Yates, 576

19  F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).  The

20  Ninth Circuit has held "that the dismissal of a habeas petition as untimely constitutes a disposition

21  on the merits and that a further petition challenging the same conviction would be 'second or

22  successive' for purposes of 28 U.S.C. § 2244(b)."  Id.

23      Before petitioner can proceed with the instant application, he must move in the United

24  States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider

25  the application.  28 U.S.C. § 2244(b)(3).  While it appears that petitioner did attempt to

26  simultaneously file this petition with the Ninth Circuit, it is equally clear that in ordering the

27  petition filed in this court, the Ninth Circuit was not granting leave to file a second or successive

28  petition, but instead believed that petitioner had erroneously filed an original petition in that

2

| | |
|---|---|
| 1 | court.  <u>Knapp v. Unknown</u>, No. 2:16-cv-02983 JAM CKD (E.D. Cal), ECF Nos. 1, 3.  Since |
| 2 | petitioner has not yet been granted leave to file a second or successive petition, the instant |
| 3 | application must be dismissed without prejudice to its refiling upon obtaining authorization from |
| 4 | the United States Court of Appeals for the Ninth Circuit. |
| 5 |       Accordingly, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma |
| 6 | pauperis (ECF No. 6) is granted. |
| 7 |       IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice. |
| 8 |       These findings and recommendations are submitted to the United States District Judge |
| 9 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days |
| 10 | after being served with these findings and recommendations, petitioner may file written |
| 11 | objections with the court.  The document should be captioned "Objections to Magistrate Judge's |
| 12 | Findings and Recommendations."  If petitioner files objections, he shall also address whether a |
| 13 | certificate of appealability should issue and, if so, why and as to which issue(s).  Where, as here, |
| 14 | the petition was dismissed on procedural grounds, a certificate of appealability "should issue if |
| 15 | the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court |
| 16 | was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable |
| 17 | whether the petition states a valid claim of the denial of a constitutional right.'"  <u>Morris v.</u> |
| 18 | <u>Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (<u>quoting</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 |
| 19 | (2000)).  Petitioner is advised that failure to file objections within the specified time may waive |
| 20 | the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991). |
| 21 | Dated:  June 15, 2017 |
| 22 |                   CAROLYN K. DELANEY |
| 23 |                   UNITED STATES MAGISTRATE JUDGE |
| 24 | |
| 25 | 13:knap1040.success.f&r |
| 26 | |
| 27 | |
| 28 | |

3